Adjudication.

ESTATE OF JACOB L. MOYER, DECEASED.

APPEAL BY JOHN MOYER FROM THE ORPHANS' COURT OF
BERKS COUNTY.

Submitted March 5, 1891—Decided March 23, 1891.

An adjudication upon the account of an executor and trustee, ordering the
investment of a definite sum for the benefit of a legatee, is conclusive,
on the adjudication of a second account, against the claim of the lega-
tee for interest on the sum from the death of the testator.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 336 January Term 1891, Sup. Ct.; court below, number
and term not shown.

On April 11, 1890, the Pennsylvania Trust Co., administra-
tor d. b. n., c. t. a., of the estate of Jacob L. Moyer, deceased,
filed an account showing a balance for distribution of $1,999,29,
proceeds of the sale of certain real estate.

At the adjudication of said account, on September 8, 1890,
John Moyer appeared and claimed to have distributed to him
arrears of interest on his distributive share, under the will of
Jacob L. Moyer, deceased, from February 2, 1882, the date of
the testator's death, to February 1, 1887, the date when a de-
cree was made directing the executor to invest $3,000 for the
benefit of the petitioner.*

After hearing, the court, SCHWARTZ, P. J., filed an adjudi-
cation in part as follows:

Upon the adjudication of the first accounts on this estate,
filed by Adam H. Schwartz, executor and trustee, the court
put an interpretation upon the will. The executor and trustee
appealed from the findings and construction placed upon the
will. The court was affirmed. It then found, among other
things, that the testator intended to treat his five children
alike, in so far as his $5,000 legacies to them were concerned.

---

* See Moyer's Est., 119 Pa. 337, wherein an adjudication of the accounts
of Adam H. Schwartz, executor and trustee, was reviewed.

Opinion of the Court.

It also found that said legacies were all conditioned. It further found that the accountant did not have sufficient funds in hand to meet the payment of said legacies in full, and that if the unsold property available to the appropriation to said legacies be added to the funds in hand for that purpose, they might amount to $3,250 to each of said legatees, and directed $3,000 to said Adam H. Schwartz, to invest for the use of said John Moyer. It also distributed a like sum to Ella Lewis.

Counsel for John Moyer now contends that the court erred in the then distribution, in that it should have allowed him interest for three years on said sum. At the former adjudication, none of his numerous counsel thought of raising this point, nor did they or either of them object to the distribution of the court, or take an appeal thereform. If the court, as is alleged, erred upon this point, it cannot now correct the error.

The court takes the liberty to state that the claimant had every other week different counsel, and that the poor fellow had no object in view except to obtain a few hundred dollars to squander to his injury; and that it took his interest under the will into consideration, and gave him what his sorrowing father wanted him to have. It acted for him and for the interest of his family. It is not in my power to alter the report under said proceedings and findings then had. They were recognized to be correct by his then counsel, and are now so held. The claim must be dismissed.

—Exceptions to the adjudication, filed by the claimant, were dismissed on November 25, 1890, and the adjudication confirmed. Thereupon, the exceptant took this appeal, specifying the refusal of his claim for arrearages of interest for error.

*Mr. D. E. Schroeder,* for the appellant.

There was no appearance for appellees.

PER CURIAM:

If the appellant thought he had a valid claim to the interest referred to in his assignments of error, it was his duty to present such claim at the adjudication of the first account of the executor and trustee. It was not so presented, and that account

has been confirmed, after an appeal to this court: Schwartz's App., 119 Pa. 337.   This appeal is without merit.

Decree affirmed, and the appeal dismissed, at the costs of the appellant.